**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA
 Plaintiff**

         **v.**

**KELVIN CORREA-MANSO (10)
 Defendant**

**Criminal 04-050 (JAG)**

### MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION

**I.   Nature of the Claim**

Pending before the Court is Defendant Kelvin Correa- Manso's Motion Objecting to a Plea Agreement Clause (**Docket No. 416**). This matter was referred to this Magistrate-Judge for Report and Recommendation (**Docket No. 419**).

In reviewing petitioner's motion, notice is taken of the fact that defendant does not submit a request for a specific remedy. He rather asserts that he was not advised nor made aware of the contents of paragraph 7(b) within the plea agreement and that he did not voluntarily agree with clause 7(b) within the plea agreement. As such, petitioner's assertions are construed as a challenge to the voluntariness and knowledge required for a valid plea.

**II.   Procedural and Factual Background**

On January 29, 2004, defendant Kelvin Correa-Manso (hereafter "Correa") was charged by the Grand Jury of this Court in a one count indictment with a violation to Title 21 U.S.C. §§ 841, 846 and 860. On January 18th, 2005, a status conference was held before District Court Judge Jay García-Gregory as to Correa (**Docket No. 227**). Trial date was set for April 11, 2005 and the jury selection process was scheduled for April 8, 2005.

On April 7, 2005, proceedings for change of plea hearing were held before this Magistrate-Judge. On this same date defendant waived his right to trial by jury (**Docket No. 300**) and notified the Court that pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B), he had reached a plea agreement with the government. The plea agreement specifically provided

Criminal No. 04-050 (JAG) Page 2

---

that in exchange for defendant's plea of guilty to Count One of the indictment, the government, at the time of sentencing, would recommend or agree not to oppose the defendant's request for a sentence at the lower end of the applicable sentencing range, that pursuant to the parties stipulation could be either 57 to 71 months of imprisonment (pursuant to a base offense level of 25 and assuming a prior Criminal History of I) or 70-87 months were the defendant not to meet the "safety valve" criteria. (**Docket No. 301**.) Actually, the parties stipulated that if the Court accepted the terms and conditions within the plea agreement, defendant was to waive his right to appeal the sentence.

There were no other conditions, promises, considerations, agreements, terms or stipulations among the parties that were not mentioned in the plea agreement (**Docket No. 301**).

The sentencing hearing was scheduled for July 8, 2005 (**Docket No. 302.**) The record reflects that following the Rule 11 hearing, on April 13, 2005, this Magistrate -Judge filed a written Report and Recommendation (**Docket No. 304**), recommending the Court to accept defendant's plea of guilty as to Count One. In so recommending, a determination was made reflecting the plea was knowingly, voluntarily and intelligently entered. Defendant was granted 10 days to object to the Report and Recommendation (**Docket No. 304** at pp. 11-12.) On May 26, 2005, the District Court issued an Order adopting the Report and Recommendation and entered a judgment of conviction as to Count One. (**Docket No. 340.**) Now before this Court is defendant's Motion Objecting to a Plea Agreement Clause which was filed on August 12, 2005. (**Docket No. 416.**)

**III.   Correa's Arguments**

In his motion objecting to the plea agreement, defendant challenges the voluntariness of his guilty plea. In doing so, defendant fails to ask for a specific remedy, and limits himself to sustain that to the degree that he was not advised nor made aware of the contents of paragraph 7(b) (Relevant Conduct) of the plea agreement, the Court

should consider his objection to the same. (**Docket No. 416.**)

Defendant argues that when he signed the plea agreement he did so trusting in his counsel's translation and explanation of its contents due to the fact that he does not read or speaks English, and that in doing so, he was not made aware of the contents of paragraph 7(b) of the agreement, which alludes to the relevant conduct that the court was to consider in determining the applicable sentencing guidelines and proper sentence.

Although no specific remedy is sought, since defendant challenges the required knowledge and voluntariness of his plea, his motion is construed as one to have his guilty plea withdrawn.

**IV. Legal Standard**

During the process of entering a plea and before the imposition of sentence, the government; pursuant to Fed. R. Crim. P. 11 (c)(1), may reach an agreement with the defendant and his attorney providing for the defendant to plead guilty to either the charged offense or a lesser or related offense. However, according to Fed. R. Crim. P. 11 (c)(3)(B), to the extent that the plea is of the type outlined in Fed. R. Crim. P. 11 (c)(1)(B), the Court must advise the defendant that he has *no right to withdraw the plea even if the Court does not follow the recommendation or request* (emphasis supplied). In the case at bar the plea agreement clearly specifies that the same was made pursuant to Rule 11(c)(1) (A) and (B). Furthermore, Rule 11(d) of the Federal Rules of Criminal Procedure clearly states that:

> "A defendant may withdraw a plea of guilty or nolo contendere: (1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea, but before it imposes sentence if: (A) the court rejects a plea agreement under Rule 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal". Fed. R. Crim. P. 11(d).

Therefore, a court may allow a defendant who has previously pleaded guilty to withdraw his plea of guilty or *nolo contendere* upon a showing of any fair and just reason. Fed. R. Crim. P. 11(d)(2)(B). This clearly means that the defendant is not vested with an

absolute right of having his guilty plea withdrawn on bare allegations and without presenting evidence that will provide a "fair and just reason". *United States v. Cotal-Crespo,* 47 F.3d 1, 3 (1st Cir.), *cert. denied*, 516 U.S. 827 (1995); *United States v. Parrilla-Tirado*, 22 F.3d 368, 371 (1st Cir. 1994); *United States v. Pellerito*, 878 F.2d 1535, 1537 (1st Cir. 1989); *United States v. Buckley*, 847 F.2d 991, 998 (1st Cir. 1988), *cert. denied*, 488 U.S. 1015 (1989). Whether defendant has met this criteria is a matter within the district court's discretion. *U.S v. Savage*, 891 F.2d 145, 151 (7th Cir. 1989). Accordingly, the burden of persuasion rests with the defendant. *United States v. Marrero*, 124 F.3d 342, 347 (1st Cir. 1997).

In order to determine whether the defendant has met his burden of persuasion, the District Court must consider several factors: (a) whether the plea was voluntarily, intelligently and knowingly entered; (b) the plausibility and weight of the proffered reasons; (c) the timing of the request; (d) whether the defendant has asserted legal innocence; and (e) whether the parties had reached or breached a plea agreement. Once the defendant carries out his burden of persuasion, the District Court must then weigh, in the balance, any demonstrable prejudice to the government were the defendant allowed to withdraw the plea. *United States v. Isom*, 85 F.3d 831, 834-835 (1996). It then follows that even though when the defendant may have met the burden of persuasion based on these criteria, the district court may still deny the withdrawal of a guilty plea where it finds that such withdrawal may unfairly prejudice the government. *United States v. Doyle*, 981 F.2d 591, 594 (1992); *United States v. Ramos*, 810 F.2d 308, 313 (1987).

A guilty plea is in itself more than a confession which admits that the accused did various acts; it is an admission that he committed the crime charged against him. *United States v. Broce*, 488 U.S. 563, 570 (1989), *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). It is not a "mere gesture, a temporary meaningless formality reversible at the defendant's whim". *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975) (*en banc*), *cert. denied*,

421 U.S. 1013 (1975). Henceforth, a defendant has "no absolute right to withdraw a guilty plea". *U.S v. Savage*, 891 F.2d at 151.

**V. Analysis**

**A. Timeliness of Defendant's Request**

The amount of time between a guilty plea and the filing of a motion should be considered when determining whether or not the defendant has met his burden of persuasion of providing "fair and just reason" for having his guilty plea withdrawn. *United States v. Ramos*, 810 F.2d 308, 312 (1st Cir. 1987). For example, a "swift change of heart" may strongly indicate that the plea was entered in "haste and confusion" *Id. See United States v. Crosby,* 714 F.2d 185, 192 (1st Cir. 1983), *cert. denied*, 464 U.S. 1045, (1984) (*eight week interval, not swift enough*); *Nuñez-Cordero v. United States*, 533 F.2d 723, 726 (1st Cir. 1976).

In the case at hand, defendant pleaded guilty on April 7, 2005. It was not until August 12th, 2005, that is four months after his change of plea, that defendant allegedly came to realize that he had entered into the plea agreement not knowingly and voluntarily (**Docket No. 416**). More so, the record reflects that following the Rule 11 hearing a Report and Recommendation was issued. The same contained a summary of the procedural events and projected applicable sentencing guidelines. Defendant did not object to the Report and Recommendation within the time provided by the court. Undoubtedly, defendant has presented a belated request to have his plea withdrawn.

The record further reflects that at all times throughout the case defendant was afforded sufficient time to ponder, while assisted by counsel, whether or not he should enter into a plea agreement with the government. For example; having been arrested on June 6, 2004, the government had already provided Correa with a plea offer and negotiations were on-going by June 10, 2004 (**Docket No. 94**). By June 23, 2005; a year later, Correa had filed a Motion for Change of Plea (**Docket No. 282**), requesting that a hearing

be held in order for the Court to accept his plea of guilty. The hearing was held on April 7, 2005. (**Docket. No. 302**.) Henceforth, defendant's long wait in order for him to assert that he was not made aware of the relevant conduct attributable to him, seems more like a "last minute change of heart". At the Rule 11 hearing, while under oath, he admitted having stipulated to the relevant conduct. This fact is amply supported by the transcripts of the Rule 11 hearing. (**Docket No. 428**.) In this regards, the Rule 11 colloquy reflects as follows:

> **THE MAGISTRATE**: And for that, the level of seriousness for that offense has been calculated at 30. And in as much it was foreseeable to you, could be anticipated to you, that weapons were being used by other members of the conspiracy, 2 points are to be added. And this is so because this is considered an aggravating factor. So 30 plus 2 will increase that to 32. Are you clear on this?
>
> **MR. CORREA**: Yes.

As a result, the record clearly shows that defendant does not meet his burden of persuasion and has not provided the court with a "fair and just reason" for having his guilty plea withdrawn. The more a defendant awaits to request the withdrawal of his plea agreement, the "more potency his motion must have in order to gain favorable consideration" *United States v. Sánchez-Barreto*, 93 F.3d 17, 23 (1st Cir. 1996) (quotation omitted.) Having considered defendant's motion, this court considers that the vagueness of his assertions and his failure to provide evidence supporting a "just and fair" reason to have his plea withdrawn, substantially weakens Correa's assertion that his guilty plea resulted from his unawareness of the relevant conduct he stipulated to.

**B. Whether Defendant has Asserted Legal Innocence**

It is significant to note that nowhere in his motion defendant alleges his legal innocence (**Docket No. 416**). Furthermore, having examined the transcripts of the Rule 11 proceedings (**Docket No. 428**), it must be concluded that defendant at not point, either at the Rule 11 hearing nor his subsequent motion asserts legal innocence.

Criminal No. 04-050 (JAG) Page 7

On the contrary, defendant has alleged his culpability ever since the Rule 11 proceedings and has not sustained otherwise at any point. More so, the record clearly reflects that defendant admitted his knowledge and guilt as to the offenses charged and the foreseeability of weapons being used during the commission of the drug trafficking offense. The record shows that the court explicitly inquired into the voluntariness of his plea and asked specifically whether defendant had full knowledge and understood the nature of the charge filed against him and the penalties it carried. (**Docket No. 428**, Change of Plea Transcript, pp. 3-6).

During the Change of Plea hearing defendant's awareness, knowledge and understanding of the proceedings was such that when not in agreement with the government's statements, he reacted and proceeded, on his own, to clarify the government's version of facts. Lastly, in no unequivocal terms, defendant fully admitted responsibility for the charges posed against him. During the interrogation Correa was questioned and answered as follows:

> **THE MAGISTRATE**: Mr. Correa, were you able to understand what the Prosecutor narrated here?
>
> **MR. CORREA**: Yes.
>
> **THE MAGISTRATE**: Did things happen that way or is there a discrepancy in your recollection?
>
> **MR. CORREA**: I'm in agreement with everything, except for the fact that I started in 2000.
>
> **THE MAGISTRATE**: When was it that you started?
>
> **MR. CORREA**: In the year 2000, in October.
>
> **THE MAGISTRATE**: You started in October of the year 2000? So you are in disagreement with the fact that you started what, prior to that, in '98? Is that your…
>
> **MR. CORREA**: Yes.
>
> **THE MAGISTRATE**: Okay. But still, what the government is

|                  |                                                                                                                                                                                                                                                                                                                                                                              |
|------------------|---|

claiming, is that the conspiracy, the agreement between this series of persons began in '98. As long as you entered the agreement and became part of it, at any point in time, the charge is valid. I want you to have this clear in your mind. Because it's something that is going on. However, I'll like to verify with you whether you are fully aware and you admit that you participated along with others, in the sale of illegal drugs at the Covadonga Public Housing Complex?

**MR. CORREA**: Yes.

**THE MAGISTRATE**: Okay, and it's also correct as claimed by the government, that you were responsible for selling cocaine and other drugs, while some other members had other tasks, such as being the runners or enforcers?

**MR. CORREA**: Yes.

**THE MAGISTRATE**: And is it correct that you admit liability? That is that you admit having sold between 3.5, but less than 5 kilos of cocaine?

**MR. CORREA**: Yes.

**THE MAGISTRATE**: And are you aware that there were some other persons acting as runners and there were some other persons that were using their weapons and carrying weapons in order to protect the drugs or the drug point?

**MR. CORREA**: Yes.

**THE MAGISTRATE**: The government claims that you were observed during surveillance, and that there are videos in which you appear selling drugs at the drug point. Let me ask you this. Have you seen those videos?

**MR. CORREA**: Yes.

**THE MAGISTRATE**: Were you able to identify yourself within those videos?

**MR. CORREA**: Yes.

**THE MAGISTRATE**: Very well. Sir, how do you plead to count 1?

Criminal No. 04-050 (JAG) Page 9

**MR. CORREA** Guilty.

(**Docket No. 428**, pp. 24-26)

Inasmuch as, defendant freely admitted his guilt, and his innocence remains unchallenged, defendant's guilty plea must be allowed to stand. *United States v. Doyle*, 981 F.2d 591, 596 (1st Cir. 1992).

### C. Whether the Parties had Reached or Breached a Plea Agreement

At all times during the Change of Plea hearing defendant accepted and agreed to having understood and entered voluntarily into the plea agreement. At no point in time has defendant alleged that the government has not properly kept its agreement. On the contrary, defendant accepted as to having discussed it with counsel in Spanish, being aware of its stipulations, the consequences of the offenses and of the fact that such agreement would not be binding upon the court and that the guidelines computation was a preliminary one (**Docket No. 428**, pages 21-22). All this said, defendant further made clear to the Court that no one had made any promises or threats to induce him into signing such agreement, and denied of having anyone made any threats or promises of a more lenient sentence in order for him to plead guilty.

In view of the fact that defendant nowhere in his "Motion Objecting to the Plea Agreement" (**Docket No. 416**) alleges that the plea agreement was breached, this factor requires no further consideration.

### D. Plausibility and Weight of the Proffered Reasons

#### 1. Voluntariness of the Plea, Knowledge of the Charges and Consequences of the Guilty Plea

Pursuant to Rule 11, before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises within a plea agreement). Fed. R. Crim. P. 11(b)(2). In determining such voluntariness, the Supreme

Criminal No. 04-050 (JAG)                                                                           Page 10

---

Court of the United States has stated that a voluntary guilty plea "entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business". *Brady v. United States*, 397 U.S. 742, 755 (1970), citing, *Shelton v. United States*, 246 F.2d 571, 572 N.2 (5th Cir. 1957). Therefore, the "core concerns" in determining a defendant's acceptance of guilt are "whether the guilty plea was coerced; whether defendant understands the nature of the charges; and whether defendant understands the consequences of his plea." *United States v. Watch*, 7 F.3d 422, 428 (5th Cir. 1993).

In following the mandates of Rule 11, during the colloquy, defendant was more than once advised and consistently reiterated the voluntariness and awareness under which he was pleading guilty. In doing so defendant assured the Court that he: (a) knew the nature of the charges against him (**Docket No. 418**, pp. 5-7); (b) knew the substance of Count One to which he was pleading guilty *(Id*. pp. 2-5, 26); (c) knew that his responses could subject him (defendant) to the penalties of perjury and had to be truthful and voluntary *(Id*. p. 3); (d) was mentally and emotionally competent and had taken no medicines or drugs *(Id*. pp. 4- 7); (e) understood his constitutional right to insist in his original plea of not guilty, go to trial, confront witnesses and remain silent *(Id*. pp. 8, 10- 11); and (f) knew the consequences of his guilty plea *(Id*. pp. 13-15).

The Court further satisfied the strictures of Rule 11 by asserting the existence of a plea agreement, which was fully explained to defendant *(Id*. pp. 13-24), and advising defendant of the maximum penalties to which defendant was exposed *(Id*. pp. 16-20) and that there was a basis in fact for the offense to which he was pleading guilty *(Id*. pp. 23-26).

Criminal No. 04-050 (JAG)                                                                                    Page 11

---

      Although the record reflects that during the Rule 11 hearing the plea agreement was fully discussed and reviewed with defendant, defendant now comes before the Court alleging that "he was not advised nor made aware of the contents of paragraph 7(b) of the plea agreement..." and its implications. (**Docket No. 416.**) Curiously enough, in his motion defendant contradicts himself by accepting that he was "advised of the charges he plead guilty to, as well as the generalities of the plea agreement" (**Docket No. 416**). It appears to us highly unlikely that defendant's counsel, with whom defendant stated to be satisfied and up to this point has not held otherwise, would be selective with regards to explaining the terms of his plea agreement[1].

      However, were this to be considered a plausible argument, at the plea hearing defendant clearly admitted to this Court of his awareness and consent to every fact and stipulation present within his plea agreement. When asked by this Court whether he had sufficient time to ponder his decision to plead guilty, defendant not only admitted that he was advised of the nature of the charges, and the evidence the government had against him, but also freely waived his constitutional rights after being advised of each and every one of them by this Magistrate-Judge (*Id*. pp. 1-7; 10-14, 21-22.)  Even more so, when asked by this Court whether he was aware of the fact that inasmuch as, it was foreseeable to him that weapons were being used by other members of the conspiracy (Paragraph 7(b) of the Plea Agreement), 2 points were to be added to the base offense level according to the sentencing guidelines, defendant agreed. Specifically, while being questioned by the Court, defendant answered as follows:

      **THE MAGISTRATE**:    And are you aware that once you plead guilty, and your plea is accepted, you will not be allowed to withdraw your plea if the reason for that is that your are not satisfied with your sentence?

---

[1] At the Rule 11 hearing defendant admitted having discussed with counsel the contents of the plea agreement.  This was done in the Spanish Language.  (**Docket No. 428**, pp. 15)

Criminal No. 04-050 (JAG)                                                                          Page 12

| | |
|---|---|
| **MR. CORREA**: | Yes. |
| **THE MAGISTRATE**: | Within this plea agreement Mr. Correa, you are being advised of your constitutional rights, consequences of pleading guilty, the nature of the offense and the penalties to which you are exposed, that we have already discussed. Also you have a preliminary assessment of what are the sentencing guidelines that may apply to your case. And I will discuss this with you. And I call this preliminary assessment, because of course, I will be asking the probation officer of the court to work an independent calculation of the sentencing guidelines, prepare a written report that will be submitted to Judge Garcia. However, for you to have an idea. It appears pursuant to this plea agreement, that rather than being held accountable for the full amount of drugs charged in the indictment, you are being held accountable for a lesser amount. That is between 3.5, but less than 5 kilos of cocaine. Are you aware of that? |
| **MR. CORREA**: | Yes. |
| **THE MAGISTRATE**: | And for that, the level of seriousness for that offense has been calculated at 30. And inasmuch it was foreseeable to you, could be anticipated to you, that weapons were being used by other members of the conspiracy, 2 points are to be added. And this is because this is considered an aggravating factor. So 30 plus 2 will increase that to 32. Are you clear on this? |
| **MR. CORREA**: | Yes. |

(**Docket No. 428**, pp. 13, 15-16).

Having examined the Change of Plea Transcript (**Docket. No. 428**) it is evident that defendant was not only advised of the consequences or implications of the relevant conduct portion (Paragraph 7(b) it is equally clear that Correa agreed with its contents and admitted having discussed it with counsel prior to the change of plea hearing (*Id*. p. 15); having signed the plea agreement; and finally, holding once again before the Court that he was

well aware of such clause when explained to him once again, in open Court (*Id*. p. 16).

## VI.     Conclusion

Having considered Correa's belated arguments, it is evident that defendant has failed to meet his burden of persuasion of providing the Court with a "fair and just reason" in order to justify withdrawal of the guilty plea he entered on April 7, 2005. We once again reiterate that in order for a guilty plea to be withdrawn defendant's claim must be of such nature as to persuade the Court that a "fair and just reason" exists inasmuch as, defendant does not have an automatic right to withdraw his guilty plea. *United States v. Parrilla-Tirado*, 22 F.3d 368, 371 (1st Cir. 1994).

In making such assessment and reviewing the totality of the circumstances the Court has given consideration to: (1) whether the plea was voluntarily, intelligently and knowingly entered; (2) the plausibility and weight of the proffered reasons; (3) the timing of the request; (4) whether the defendant has asserted legal innocence; and (5) whether the parties had reached or breached a plea agreement. *United States v. Doyle*, 981 F.2d 591, 594 (1st Cir. 1992). In so doing the Court notes that defendant, at all times, was well aware of the nature of the offense which he was pleading guilty to and the consequences of waving his constitutional rights as well as the maximum statutory penalties to which he was exposed. Consequently, due to the fact that defendant failed to present a "fair and just reasons" to warrant the relief sought, it need not be discussed a possible prejudice to the government. *United States v. Doyle*, *Id* at 596.

In the present case defendant has failed to provide a plausible factual or legal argument on which to rest his petition and possibly question the validity of his plea agreement or the proceedings held at the Rule 11 hearing. Although when reviewing a motion to withdraw a guilty plea presented prior to sentencing the reviewing court will apply a less stringent standard than when reviewing a withdrawal after sentencing, *United States v. Parrilla-Tirado*, 22 F.3d at 371, this does not mean that the Court should accept as

valid any given argument held by defendant questioning prior admissions given under oath to the court.

For the reasons herein stated, this Magistrate-Judge **RECOMMENDS** that defendant's motion for leave to withdraw his guilty plea be **DENIED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of its receipt. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation is a waiver of the right to review by the District Court. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this  day of 17th day of March, 2006.

S/**AIDA M. DELGADO-COLON**
U.S. Magistrate-Judge